**Case No.  6:26-cv-137-JSS**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROBERTO E. HERNANDEZ,

    Plaintiff/Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL
ASSOCIATION BY MERGER TO LASALLE
NATIONAL ASSOCIATION FOR MERRILL

    Defendant/Appellee.
_____

Appeal from the United States Bankruptcy Court
for the Middle District of Florida
Case No. 6:25-bk-02758-GER
_____

**ANSWER BRIEF OF APPELLEE**
_____

**ALDRIDGE PITE, LLP**
Jennifer Laufgas, Fla Bar No. 56181
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: JLaufgas@aldridgepite.com
Attorney for Defendant/Appellee

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, U.S. Bank National Association, As Trustee, Successor In Interest To Bank Of America, National Association, As Trustee, Successor By Merger To LaSalle Bank, National Association, As Trustee For Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1, does not request oral argument. This case involves the application of well-settled law, the legal arguments are adequately presented in the briefs, and the record is straightforward. Appellee respectfully submits that oral arguments would do little to assist this Court in resolving the issues presented in this appeal and believes that the briefing in this case is adequate and shows no reversible error exists.

## <u>TABLE OF CONTENTS</u>

**I.   JURISDICTIONAL STATEMENT AND STANDARD OF REVIEW** ....... 7

**II.   STATEMENT OF ISSUES PRESENTED** .................................................. 8

**III.   STATEMENT OF CASE AND FACTS** ..................................................... 10

**IV.   SUMMARY OF ARGUMENT** .................................................................. 19

**V.  ARGUMENT** ............................................................................................... 21

> **A.  THE BANKRUPTCY COURT DID NOT ERR IN DENYING
> CONFIRMATION OF THE PLAN, DISMISSAL OF THE
> BANKRUPTCY CASE WITH PREJUDICE, OVERRULING THE
> OBJECTION TO CLAIM AS MOOT, DENYING THE MOTION FOR
> SANCTIONS, AND DENYING DEBTOR'S OTHER PENDING
> REQUESTS AS MOOT IN VIOLATION OF DEBTOR'S DUE  PROCESS
> RIGHTS.** ................................................................................................... 21

>> **1.   Denial of Confirmation.** ............................................................... 21

>> **2.   Dismissal of the Bankruptcy Case.** ........................................... 23

>> **3.   Objection to Claim Overruled as Moot** .................................... 26

>> **4.   Denial of Motion For Sanctions** ................................................. 27

>> **5.   Due Process Violations** ................................................................ 29

> **B.  THE BANKRUPTCY COURT DID NOT ERR IN DISMISSING THE
> BANKRUPTCY CASE WITH PREJUDICE WITHOUT FINDINGS  OF
> BAD FAITH AND TO AVOID ADJUDICATING THE  OBJECTION TO
> CLAIM** ...................................................................................................... 31

> **C.  BANKRUPTCY COURT DID NOT ERR IN OVERRULING
> OBJECTION TO CLAIM AND RELATED ARGUMENTS** ....................... 33

> **D.  THE BANKRUPTCY COURT DID NOT ERR IN DENYING THE
> MOTION FOR SANCTIONS AND RELATED PLEADINGS**

**REGARDING THE VIOLATION OF THE AUTOMATIC STAY  UNDER 11 U.S.C. § 362(A)** ................................................................................33

**VI.    CONCLUSION** ............................................................................36

# TABLE OF AUTHORITIES

## Cases

*Brown v. JPMorgan Chase Bank, NA (In re Brown)*, 572 F. App'x 849, 851 (11th Cir. 2014)(..........................................................................................7

*Bunyan v. Remick*, No. 8:18-cv1519-T-36, 2019 U.S. Dist. LEXIS 169985, at *4 (M.D. Fla. Oct. 1, 2019) ....................................................................8

*Cary v. Vega (In re Vega)*, 503 B.R. 144, 147 n.11 (Bankr. M.D. Fla. 2013) ........22

*Curtis v. Perkins (In re Int'l Mgmt. Assocs., LLC)*, 782 F.3d 1262, 1265 (11th Cir. 2015) .................................................................................8

*Ho v. Dowell (In re Ho)*, 274 B.R. 867, 876 (9th Cir. BAP 2002)........................32

*In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002) ..........................8

*In re Celotex Corp.*, 232 B.R. 484, 486 (M.D. Fla. 1998)........................................7

*In re Cox*, 493 F.3d 1336, 1340 n.9 (11th Cir. 2007). ..............................................7

*In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009) ...............................7

*In re Monetary Group*, 2 F.3d 1098, 1103 (11th Cir. 1993)....................................8

*In re Norrell*, 198 B.R. 987, 995 (Bankr. N.D. Ala. 1996)....................................26

*In re Walker*, 515 F.3d 1204, 1212 (11th Cir. 2008) ................................................8

*Johnston Env't Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); ....................................................................................34

*Lee v. Wiand*, 603 B.R. 161, 168–69 (M.D. Fla. 2018)............................................7

*Lorenzo v. Wells Fargo Bank, N.A. (In re Lorenzo)*, 518 B.R. 92, 94 (S.D. Fla. 2014) .................................................................................8

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). ...........8

*SEC v. Bilzerian (in Re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998)...............7

**Statutes**

11 U.S.C. § 105............................................................................................ 25, 32

11 U.S.C. § 1322..............................................................................................19

11 U.S.C. §1307..............................................................................................24

11 U.S.C. §362........................................................................................ 14, 27, 33

28 U.S.C. § 1334....................................................................................... 26, 33

**Rules**

F.R. Bankr. P. 8013........................................................................................7

Appellee, U.S. Bank National Association, As Trustee, Successor In Interest To Bank Of America, National Association, As Trustee, Successor By Merger To Lasalle Bank, National Association, As Trustee For Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1 ("Appellee" or "Creditor") respectfully submits its Responsive Brief to Appellant, Roberto E. Hernandez's ("Appellant" or "Debtor") Opening Brief.

## I.    JURISDICTIONAL STATEMENT AND STANDARD OF REVIEW

The district court functions as an appellate court in reviewing decisions of the bankruptcy court. *Lee v. Wiand*, 603 B.R. 161, 168–69 (M.D. Fla. 2018). It is well established that when a district court considers an appeal from a bankruptcy court order conclusions of law are reviewed *de novo* and findings of fact are reviewed under a clearly erroneous standard. F.R. Bankr. P. 8013; *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009); *In re Celotex Corp.*, 232 B.R. 484, 486 (M.D. Fla. 1998). Mixed questions of law and fact are reviewed de novo. *In re Cox*, 493 F.3d 1336, 1340 n.9 (11th Cir. 2007). A finding of fact is clearly erroneous when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made. *General Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1494 (11th Cir. 1997).

Whether a Chapter 13 case has been dismissed properly is a finding of fact reviewable under the clearly erroneous standard. *Brown v. JPMorgan Chase Bank,*

*NA (In re Brown)*, 572 F. App'x 849, 851 (11th Cir. 2014)(citing *SEC v. Bilzerian (in Re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998)). The burden of showing clear error falls on the appellant. *Bunyan v. Remick*, No. 8:18-cv1519-T-36, 2019 U.S. Dist. LEXIS 169985, at *4 (M.D. Fla. Oct. 1, 2019) (citing *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002)).

On appeal, the lower court may be affirmed on any legal ground supported by the record. *In re Walker*, 515 F.3d 1204, 1212 (11th Cir. 2008). A bankruptcy court's evidentiary and discretionary rulings are reviewed only for an abuse of discretion. *Curtis v. Perkins (In re Int'l Mgmt. Assocs., LLC)*, 782 F.3d 1262, 1265 (11th Cir. 2015) (per curiam); *Lorenzo v. Wells Fargo Bank, N.A. (In re Lorenzo)*, 518 B.R. 92, 94 (S.D. Fla. 2014). The District Court need not address all issues raised on appeal if any ground in the record supports the judgment below. *In re Monetary Group*, 2 F.3d 1098, 1103 (11th Cir. 1993). Finally, when an appellant fails to challenge properly on appeal any of the grounds on which the lower court based its judgment, the appellant is deemed to have abandoned any challenge on that ground, and it follows that the judgment or order is due to be affirmed. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

## II.    <u>STATEMENT OF ISSUES PRESENTED</u>

1.    Whether the Bankruptcy Court erred in denying confirmation of the Debtor's plan, dismissing Debtor's Bankruptcy Case with prejudice, over-ruling

Debtor's Objection to Claim as moot, denying Debtor's Motion for Sanctions, and denying Debtor's other pending requests as moot in violation of Debtor's due process rights.

2.      Whether the Bankruptcy Court abused its discretion and erred in dismissing Debtor's Bankruptcy Case with prejudice without a finding of bad faith and to avoid adjudicating Debtor's Objection to Claim.

3.      Whether the Bankruptcy Court erred in overruling Debtor's Objection to Claim and related arguments.

4.      Whether the Bankruptcy Court erred in denying Debtor's Motion for Sanctions and related pleadings regarding the violation of the Automatic Stay under 11 U.S.C. § 362(a).

5.      Whether the Bankruptcy Court erred in the allowance of the Creditor's participation in the Bankruptcy Proceeding constituted a fraud on the Court.

6.      Whether the Bankruptcy Court's Order denying confirmation of the Debtor's plan, dismissing Debtor's Bankruptcy Case with prejudice, overruling Debtor's Objection to Claim as moot, denying Debtor's Motion for Sanctions, and denying Debtor's other pending requests as moot was in violation of Debtor's due process based on Judicial Impartiality under 28 U.S.C. §455(a).

### III.   STATEMENT OF CASE AND FACTS

The Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on May 8, 2025. (Appellee's Appendix ("Appendix"), AA001-AA012). The Bankruptcy Court contemporaneously entered the Administrative Order FLMB-2023-3 Prescribing Procedures for Chapter 13 Cases Filed on or after December 4, 2023 (Appendix, AA013-AA021). The Chapter 13 plan signed and filed by the Debtor provided in Part 3: Treatment of Secured Claims, Subsection 3.1 Maintenance of payments and cure of default, if any, for the payment of $1,085.00 to First Franklin Financial for 60 months with $0.00 as to amount of arrearage (if any) (Appendix, AA022-AA032). The Debtor's Chapter 13 plan (Appendix, AA022-AA032) provided for Trustee disbursement to no other creditor even though Debtor listed unsecured creditors in his Schedule E/F (Appendix, AA050-AA056). The Chapter 13 Plan addressed the direct payment treatment of the priority unsecured listed on Debtor's Schedules under Part 8: Nonstandard Plan Provisions (Appendix, AA028). The Chapter 13 Plan was never withdrawn or amended, and remained the operable plan at all times during the Bankruptcy Case.

Debtor filed his Summary of Assets, Schedules A through J, Statement of Financial Affairs, and Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (Appendix, AA033-AA087), which provided at Schedule A/B for the ownership of real property located at 2102 Meadowmouse

Street, Orlando, FL 32837 (the "Property") (Appendix, AA035). The Debtor listed First Franklin Financial Corp. and Nationstar Mortgage LLC/Mr. Cooper as secured creditors to the Single Family Homestead Property under Schedule D (Appendix, AA047-AA049). Debtor's Schedule E/F provided for priority unsecured creditors as the Small Business Administration for $15,000.00, the U.S. Department of Education-(Mohela) for $7,122.00, and the Internal Revenue Service for $2,500.00 (Appendix, AA050-AA051). Debtor's Schedules also provided for a total combined monthly income of $3,500.00 and total monthly expenses of $3,438.00 for a monthly net income of $62.00 (Appendix, AA063-AA068). Debtor signed his filed Schedules under the penalty of perjury that the information stated thereon was true and correct.

On July 17, 2025, Creditor timely filed Proof of Claim Number 3 in the Bankruptcy Case related to Debtor's unpaid Mortgage debt with a total debt amount of $582,965.90 that included a total pre-petition arrearage in the amount of $349,082.33 (Appendix, AA088-AA123). The Post-petition mortgage payment stated in Claim 3-1 was $2,999.40 (Appendix, AA091). The Proof of Claim filed by Creditor included a Mortgage executed by Debtor, and the non-filing Co-Debtor Rosa Sanchez, on January 3, 2007 to First Franklin Financial Corp. an Op. Sub. of MLB&T CO., FSB ("First Franklin") (Appendix, AA104-AA121). Prior to the filing of the Debtor's Chapter 13 Case, on October 11, 2018, Creditor filed a

11

foreclosure action in the Circuit Court for the Ninth Judicial Circuit Court in and for Orange County, Florida under case *US Bank Nat'l Ass'n v. Hernandez*, No. 2018-CA-011104-O (Fla. 9th Cir. Ct. filed Oct. 11, 2018) (the "State Court") which is currently pending and without final adjudication (Appendix, AA233).

Over the course of the Bankruptcy Case, the Debtor engaged in voluminous motion practice and objections to Creditor's Claim 3 regarding the Mortgage secured as to the Property and the underlying debt. On June 30, 2025, Secured Creditor filed an Objection to Confirmation of Debtor's Chapter 13 Plan which alleged the plan failed to comply with the requirements of 11 U.S.C. §1322(b)(3) and 11 U.S.C. §1325(a)(5) in addition to the failure to comply with the feasibility requirements of 11 U.S.C. §1325(a)(6) (Appendix 29). On July 2, 2025, Debtor filed a Response to Creditor's Objection to Confirmation of Chapter 13 Plan that disputed the legal standing and jurisdiction of the objecting party to asset any claim in the Bankruptcy Case (Appendix, AA128-AA142). The Response to Creditor's Objection to Confirmation of Chapter 13 Plan (Appendix, AA128-AA142) did not address the underlying objection as to compliance with the Bankruptcy Code.

On July 24, 2025, the Debtor filed a Motion to Strike or Disallow Secured Claim of Nationstar Mortgage LLC, d/b/a Mr. Cooper, and to Determine Secured Status Pursuant to 11 U.S.C. § 506, which was docketed as an Objection to Claim Number 3 as to Creditor (Appendix, AA143-AA156). On July 28, 2025, the

Bankruptcy Court entered an Order Directing Response to Objection to Claim, which stated that Claimant may file a written response to the Objection within thirty (30) days from the date of the Order (Appendix, AA157). The Order Directing Response to Objection to Claim (Appendix, AAA157) stated further that if no timely response was filed that the Bankruptcy Court may without further hearing sustain the Objection, disallow the Claim, or overrule the Objection and allow the Claim as scheduled or filed.

On August 7, 2025, the Chapter 13 Trustee filed a Notice of Chapter 13 Confirmation Hearing to be held December 3, 2025 which was served on the Debtor by the Trustee (Appendix, AA158-159). The Notice of Chapter 13 Confirmation Hearing provided that if confirmation was denied, the Bankruptcy Court may also consider dismissal or conversion of the case (Appendix, AA158). On August 26, 2025, Creditor filed a Response to Debtor's Motion to Strike or Disallow Secured Claim of Nationstar Mortgage LLC, d/b/a Mr. Cooper, and to Determine Secured Status Pursuant to 11 U.S.C. § 506 which included exhibits of the Promissory Note executed by Debtor and Assignments of Mortgage as to Creditor (Appendix, AA160-AA177) after which the Bankruptcy Court set a hearing to be held October 22, 2025.

Prior to the scheduled hearing for October 22, 2025, the Debtor proceeded to file various pleadings challenging the validity of Creditor's Mortgage lien and

13

assignments of Mortgage, Debtor's allegations of lack of standing as to Creditor, Debtor's allegations of post-petition violations of the automatic stay under 11 U.S.C. §362(a) by Creditor, and Debtor allegations of damages with a further request for sanctions against Creditor and Nationstar Mortgage LLC (Reply to Secured Creditor's Response to Objection to Claim 3-1 (Appendix, AA160-AA177), Motion to Determine Standing, to Strike Defective Assignments of Mortgage, and for Sanctions for Willful Violation of the Automatic Stay (11 U.S.C. §362(a)) (Appendix, AA184-AA196), Memorandum of Law in Support of Motion to Determine Standing and to Strike Defective Assignments of Mortgage, and for Sanctions under 11. U.S.C. §362(k) (Appendix, AA197-AA206), and Declaration of Damages, Costs, and Punitive Damages (Appendix 47)). The Bankruptcy Court conducted a hearing on October 22, 2025 on the Debtor's Objection to Claim and allowed Debtor to address all of his pleadings filed against Creditor arising from or related to the Mortgage loan (Appendix, AA207). The Bankruptcy Court took the arguments under advisement and further continued Debtor's Objection to Claim and various Motions to December 3, 2025 (Appendix, AA207).

The Debtor again proceeded to file various supplemental memorandums and supplemental replies, prior to the scheduled hearing for December 3, 2025, as to the Objection to Claim and Motion to Strike Assignments (Debtor's Supplemental

Memorandum in Support of Objection to Claim and Motion to Strike Assignments of Mortgage (Appendix, AA208-AA212), Supplement to Debtor's Reply to Secured Creditor's Response to Objection (Appendix, AA213-AA222), and Supplemental Memorandum in Support of Objection to Claim and Motion to Strike Assignments of Mortgage (Appendix, AA223-AA227)). The Debtor appeared at the December 3, 2025 hearing on Debtor's continued Objection to Claim, various Motions filed by Debtor, and Chapter 13 Confirmation (Appendix, AA228, AA229-AA235). The Bankruptcy Court allowed for testimony of the Debtor and ultimately denied confirmation of the Debtor's Chapter 13 Plan and dismissed the Debtor's bankruptcy case with a permanent injunction from filing for relief in another Chapter 13 Bankruptcy case until such time that there is an adjudication by the State Court on the validity of Creditor's claim including standing issues. (Appendix, AA229-AA235).

On December 5, 2025, the Bankruptcy Court entered its Order (1) Denying Confirmation and Dismissing Case With Prejudice, (2) Overruling Objection To Claim As Moot, (3) Denying Motion For Sanctions, And (4) Denying Other Pending Requests As Moot ( the "Dismissal Order") (Appendix, AA229-AA235). Further, based on the dismissal of the Bankruptcy Case, the Bankruptcy Court over-ruled the Debtor's Objection to Claim as moot as well as all other pending requests by the Debtor (Appendix, AA229-AA235). The Bankruptcy Court

15

abstained from hearing issues that were to be resolved by the State Court (Appendix, AA233). However, the Bankruptcy Court did make note of Debtor's prior Chapter 13 Bankruptcy Case, the Order Overruling Debtor's various Objections to Creditor in the prior Bankruptcy, and the pending litigation in the State Court foreclosure action as to Debtor and Creditor (Appendix, AA230, AA233).

The Dismissal Order acknowledged Debtor's dispute that alleged Creditor was not the correct creditor as to the Promissory Note and Mortgage signed by Debtor in favor of First Franklin and noted Debtor's positive confirmation as to the execution of the Promissory Note (Appendix, AA231). The Bankruptcy Court observed that the Promissory Note provided for an initial monthly mortgage payment of $2,198.94 (principal and interest) (Appendix, AA231). Debtor's plan proposed to pay monthly distributions only to First Franklin at $1,085.00 a month for sixty months, as to the contractual monthly mortgage installments, with $0.00 to be paid towards any pre-petition arrearage (Appendix, AA022-AA032, AA231). The Dismissal Order provided that Debtor's sworn schedules reflected a net monthly income of $62.00 after payment of $1,085 per month towards the Promissory Note and even if the Bankruptcy Court assumed there was no pre-petition arrearage as to the mortgage debt with the correct monthly mortgage payment of $2,198.94 that the Debtor's schedules demonstrated an inability to

16

make all required payments to satisfy the debt (Appendix, AA231-AA232). The Dismissal Order provided that Debtor's Chapter 13 Plan was not feasible and cannot be confirmed, therefore cause existed to dismiss the Bankruptcy Case (Appendix, AA231-AA232).

Additionally, the Bankruptcy Court acknowledged Debtor's testimony at the December 3, 2025 hearing that the Bankruptcy Case was filed solely to deal with the debt related to the Property as further evidenced by the Chapter 13 Plan (Appendix, AA232). The Bankruptcy Court provided that if neither First Franklin nor Creditor is the correct creditor, then Debtor failed to identify anyone else as the proper servicer or as the holder of the claim therefore the bankruptcy case provided for no purpose and the Bankruptcy Court may "for cause" dismiss the case (Appendix, AA232-AA233). The Dismissal Order noted the Bankruptcy Court's at length analysis that Debtor could not confirm his Chapter 13 Plan, failed to identify the proper servicer or holder of the claim, and that no bankruptcy purpose was being served in the case as the basis of the denial of Confirmation and dismissal of the Bankruptcy Case (Appendix 56 at 3-5).

The Bankruptcy Court did provide a detailed consideration of Debtor's allegations in his Motion for Sanctions (Appendix, AA184-AA196) as well as his statements made at the December 3, 2025 hearing regarding the violation of the automatic stay and request for an award of damages and sanctions against Creditor

17

of which the Bankruptcy Court found that the post-petition assignment of a mortgage was not a violation of the automatic stay and therefore sanctions were not warranted (Appendix, AA233). Following the entry of the Dismissal Order, the Debtor filed a Motion for Reconsideration and to Vacate Order of Dismissal on the basis that the Bankruptcy Court overlooked material facts, controlling law, and must resolve standing as a threshold jurisdictional issue (Appendix, AA236-AA288). On December 12, 2025, the Bankruptcy Court entered an Order Denying Debtor's Motion for Reconsideration (Appendix, AA289-AA292).

The Bankruptcy Court indicated that the Motion for Reconsideration failed to state sufficient grounds for reconsideration under either Federal Rules of Civil Procedure 59 or 60 as made applicable by Bankruptcy Rules 9023 and 9024 (Appendix, AA289-AA292). The Bankruptcy Court again noted the at length analysis provided in the Dismissal Order (Appendix, AA229-AA235) that Debtor could not confirm his Chapter 13 Plan, failed to identify the proper servicer or holder of the claim, and that no bankruptcy purpose was being served in the case as the basis of the denial of Confirmation and dismissal of the Bankruptcy Case (Appendix, AA291-AA292). Additionally, the Bankruptcy Court emphasized abstaining from hearing issues that were to be resolved by the State Court regarding the issue of standing or the alleged lack thereof by Creditor (Appendix,

AA291-AA292). On December 12, 2025, the Debtor filed his Notice of Appeal (Appendix, AA293-294).

## IV.  <u>SUMMARY OF ARGUMENT</u>

11 U.S.C. sections 1322 and 1325 outline the mandatory duties imposed upon a Chapter 13 debtor as to the contents and confirmation of a Chapter 13 Plan. Based on the bankruptcy record on appeal there is no evidence the Bankruptcy erred in denying confirmation of the Chapter 13 Plan which failed to meet the requirements of the Bankruptcy Code under 11 U.S.C. Sections 1322 and 1325. No distribution was proposed by the Debtor to allowed general unsecured claims through the Chapter 13 Plan. Further, Debtor's sworn Schedules provided for no other secured creditors than First Franklin and Nationstar Mortgage LLC/Mr. Cooper and no general unsecured creditors. Debtor's sworn Schedules provided for a net monthly income of $62.00. As the Debtor failed to propose a confirmable plan over the eight months during which the Bankruptcy Case was pending, and instead repeatedly sought for the Bankruptcy Court to adjudicate foreclosure claims and defenses already before a respective state court, there is no evidence the Bankruptcy Court committed clear error in dismissing the case for cause and imposing a further filing injunction, nor abused its discretion in abstaining from adjudicating the Debtor's foreclosure defenses.

19

Appellant presents no evidence of an intervening change in controlling law or contrary facts as to an abuse of the Bankruptcy Court's discretion in the denial of confirmation of the Chapter 13 Plan, dismissal of the Bankruptcy Case with further injunction, abstaining from adjudicating of issues to be resolved by another court, and determination of an alleged violation of the automatic stay. Appellant has abandoned and waived the right to further review of alleged errors in the denial of confirmation of the Chapter 13 Plan by failing to raise these issues on appeal to this Court. Further, Appellant raises issues regarding alleged violations of his due process rights, inflammatory statements regarding fraud on the court, and judicial impartiality, judicial recusal, and judicial disqualification under 28 U.S.C § 455(a) for the first time on appeal and are not supported by the record. Arguments raised for the first time on appeal are not properly before this Court. Appellant presents no records or evidence before this Court of any of the prior proceedings in the Bankruptcy Case that support his allegations raised for the first time in Appellant's Brief.

/./.

/./.

/./.

/./.

/./.

## V.    <u>ARGUMENT</u>

**A.    THE BANKRUPTCY COURT DID NOT ERR IN DENYING CONFIRMATION OF THE PLAN, DISMISSAL OF THE BANKRUPTCY CASE WITH PREJUDICE, OVERRULING THE OBJECTION TO CLAIM AS MOOT, DENYING THE MOTION FOR SANCTIONS, AND DENYING DEBTOR'S OTHER PENDING REQUESTS AS MOOT IN VIOLATION OF DEBTOR'S DUE PROCESS RIGHTS.**

### 1.    <u>Denial of Confirmation.</u>

Based on the bankruptcy record on appeal there is no evidence the Bankruptcy Court erred in denying confirmation of the Chapter 13 Plan which failed to meet the requirements of the Bankruptcy Code under 11 U.S.C. Sections 1322 and 1325. The Chapter 13 Plan provided for payments of $1,085.00 to First Franklin for 60 months with $0.00 as to the arrearage if any. No other creditor was to receive distributions from the Chapter 13 Trustee as to payments inside the Plan. Priority unsecured creditors were to receive payment outside of the case. The Chapter 13 Plan and Appellant's Schedules did not include any general unsecured creditors. Debtor's sworn Schedules reflected a net monthly income of $62.00 and the Bankruptcy Court observed that the Promissory Note, confirmed by the Appellant as to his execution, provided for mortgage payments in the amount of $2,198.94.

The Bankruptcy Court correctly determined through Appellant's own Chapter 13 Plan and sworn Schedules that Appellant lack the ability to make Plan

payments required to satisfy the mortgage payment under the Promissory Note rendering the Plan not feasible under requirements of 11 U.S.C. §1325(a)(6). Further, in light of the facts proposed by Appellant, that if neither First Franklin nor Creditor was the correct creditor of the Appellant, then the Chapter 13 Plan is not confirmable as there are no creditors for the Trustee to make disbursements to and since Appellant failed to identify anyone else as the proper servicer or as the holder of the claim the bankruptcy serves no purpose.

In his Opening Brief, Appellant makes no argument and offers no record support that the Bankruptcy Court erred in denying confirmation of the Plan and dismissing the Bankruptcy Case. By contrast, all record evidence supports that the Bankruptcy Court was correct in denying confirmation and dismissing the Bankruptcy Case. The Appellant's initial brief instead focuses on Appellant's perceived inequities and claimed violations of his due process rights which are not proper and are without merit.

This Circuit has repeatedly held that "[a]lthough pro se litigants' pleadings are generally held to less stringent standards than those of attorneys, they still must comply with procedural rules and court orders." *Cary v. Vega (In re Vega)*, 503 B.R. 144, 147 n.11 (Bankr. M.D. Fla. 2013) (citations omitted). A pro se litigant is not forgiven for failing to raise an issue in the initial brief." *Goble v. Ward*, 628 F. App'x 692, 697 (11th Cir. 2015). It is well settled that an appellant abandons a

22

legal claim or argument by failing to raise it in a brief before the appellate court. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) ("The law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."). Seemingly, Appellant has waived any challenge to the denial of confirmation of the Plan upon which the Bankruptcy Court entered the Dismissal Order under *Sappupo. Id.* Accordingly, the denial of confirmation of the Chapter 13 Plan by the Bankruptcy Court was appropriate under the requirements of the Bankruptcy Code and the Bankruptcy Court did not abuse its discretion in the denial of confirmation of the Chapter 13 Plan.

## 2. <u>Dismissal of the Bankruptcy Case.</u>

As the Appellant failed to propose a confirmable plan and instead repeatedly sought for the Bankruptcy Court to adjudicate Appellant's standing arguments as to the defenses already before the respective State Court, there is no evidence the Bankruptcy Court committed clear error in dismissing the Bankruptcy Case, nor abused its discretion in abstaining from adjudicating issues of standing to enforce the Promissory Note and Mortgage. Indeed, the propriety of abstaining from such issues under nearly identical circumstances has been affirmed by the District Court. See, e.g. *Brown v. JP Morgan Chase Bank, N.A.*, 526 B.R. 882, 887 (M.D.

23

Fla. 2013) (Bankruptcy Court's determination that the debtor's mortgage and foreclosure issues were matters of state law that were best left to the Florida state courts and related finding that allowing the state court to resolve these issues would not adversely affect the debtor's efforts in their Chapter 13 case were not clearly erroneous). Also see, *In Re Wood*, 216 B.R. 1010 (Bankr. M.D. Fla. 1998).

Based on the bankruptcy record on appeal there is no evidence the Bankruptcy Court erred in the dismissal of the Bankruptcy Case due to the denial of confirmation as to the Chapter 13 Plan. In the Opening Brief, the Appellant makes no argument and offers no record support that the Bankruptcy Court erred in denying confirmation of the Plan and dismissing the Bankruptcy Case due to the denial of confirmation. By contrast, all record evidence supports that the Bankruptcy Court's dismissal of the Appellant's Bankruptcy Case was appropriate under 11 U.S.C. §1307 (c)(5).

The Dismissal Order provided that that under 11 U.S.C. §1307(c), "on request of a party in interest or the United States trustee and after notice and a hearing," the Court may, "for cause," dismiss a Chapter 13 case. The denial of confirmation of a plan under 11 U.S.C. §1325 and denial of a request made for additional time for filing another plan or a modification of a plan is listed as sufficient "cause" under 11 U.S.C. §1307(c)(5). As stated in the Dismissal Order, because the Plan is not feasible and cannot be confirmed therefore cause existed to

24

dismiss the Bankruptcy Case. In addition, the Bankruptcy Court found by Appellant's own statements at the December 3, 2025 hearing and filed Chapter 13 Plan that did not appear to be seeking bankruptcy relief to reorganize his financial affairs and admitted that he came to the Bankruptcy Court from state court to litigate the enforceability of the Note and Mortgage. Therefore, without a basis for an amended Chapter 13 Plan coupled with the denial of confirmation of the existing Chapter 13 Plan dismissal of the Bankruptcy Case was appropriate under 11 U.S.C. §1307(c)(5).

The Court may invoke its powers under 11 U.S.C. § 105(a) and implement a mechanism to prevent the continuing abuse of the bankruptcy process by a debtor. *In re Yiram*, 214 B.R. 463 (Bankr. D. Md. 1997). The Bankruptcy Court provided in the Dismissal Order that under 11 U.S.C. §105(a), in part:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Appellant does not dispute that he was given notice of the Confirmation hearing to be held on December 3, 2025 or that the Notice of Chapter 13 Confirmation Hearing provided that if confirmation was denied the Bankruptcy Court may also consider dismissal or conversion of the case. The Bankruptcy Court properly applied 11 U.S.C. §1307(c)(5) under 11 U.S.C. §105(a) and dismissed the case for

25

denial of confirmation of the Chapter 13 Plan when the bankruptcy serves no legitimate purpose. The Bankruptcy Court did not abuse its discretion in the denial of confirmation of the Chapter 13 Plan and the dismissal of the Bankruptcy Case.

### 3.  Objection to Claim Overruled as Moot

The United States Code permits a federal court to abstain from resolving certain actions in "the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Since the bankruptcy courts' power stems from the delegation of power by the district courts, see 11 U.S.C. § 157(b), courts have interpreted 28 U.S.C. § 1334(c)(1) as providing the same abstention powers to the bankruptcy courts. *See, e.g., In re Norrell*, 198 B.R. 987, 995 (Bankr. N.D. Ala. 1996) (applying permissive abstention doctrine to creditor's claim in chapter 13 proceeding). The decision to abstain under section 1334(c)(1) is not reviewable. 28 U.S.C. § 1334(d).

It is well settled that, "Allowing the parties to jump the state court tracks and remove their dispute to the federal bankruptcy forum would usurp the state court's authority over its own state law issues, and, equally as troubling, would turn the bankruptcy court into a 'last chance' forum to resolve state court mortgage disputes." *Brown v. JPMorgan Chase Bank, NA (In re Brown)*, 572 F. App'x 849, 851 (11th Cir. 2014). In response to Appellant's Objection to Claim and Motion for Reconsideration of the Dismissal Order, the Bankruptcy Court clearly and

repeatedly articulated its inability to adjudicate the standing issues of Appellant as to the claim of Creditor as the issue is more appropriate to be addressed by the State Court.  The Bankruptcy Court committed no clear error and did not abuse its discretion in abstaining from adjudicating the merits of Appellant's standing challenge to the validity of Creditor's Claim as an improper collateral attacks on issues more properly addressed in the State Court action based on the established and binding case precedent. *Brown,* 572 F. App'x at 851. (Bankruptcy Court's determination that the debtor's mortgage and foreclosure issues were matters of state law that were best left to the Florida state courts and related finding that allowing the state court to resolve these issues would not adversely affect the debtor's efforts in their Chapter 13 case were not clearly erroneous). See, also, *In Re Wood*, 216 B.R. 1010 (Bankr. M.D. Fla. 1998).

### 4.    <u>Denial of Motion For Sanctions</u>

The Bankruptcy Court did not err in finding that Creditor did not violate the automatic stay provisions of 11 U.S.C. §362(a) and therefore denied Appellant's Motion to Determine Standing, to Strike Defective Assignments of Mortgage, and for Sanctions for Willful Violation of the Automatic Stay. The Eleventh Circuit has further determined that "[a] finding of civil contempt must be based on 'clear and convincing evidence' that a court order was violated." *Jove Eng'g Inc. v. I.R.S. (In re Jove Eng'g Inc.)*, 92 F.3d 1539, 1545 (11th Cir. 1996). "Claims under § 362(k)

27

consist of three basic elements: the violation of the stay, the defendants' willfulness, and the plaintiffs' injury." *Thomas v. Seterus Inc. (In re Thomas)*, 554 B.R. 512, 519 (Bankr. M.D. Ala. 2016) (citing *Campbell v. Carruthers (In re Campbell)*, 553 B.R. 448, 452-53, 455-56 (Bankr. M.D. Ala. 2016)).

"A postpetition transfer of a recorded mortgage does not violate the stay or constitute an avoidable transfer because a mortgage assignment is not a transfer of property of the estate." *Nelson v. Nationstar Mortg. LLC (In re Nelson)*, 607 B.R. 685, 710 (Bankr. N.D. Ala. 2019). (citing In re Samuels, 415 B.R. 8 (Bankr. D. Mass. 2009)). The Court *In re Samuels* determined:

> The postpetition assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate. The mortgage and note are assets of the creditor mortgagee, not of the Debtor. Nor is the postpetition assignment of a mortgage and the related note an act to collect a debt; the assignment merely transfers the claim from one entity to another. The Debtor cites no particular subsection of 11 U.S.C. § 362(a), the automatic stay, that she contends such an assignment violates, and the court is aware of none.

*In re Samuels,* 415 B.R. at 8, 22 (Bankr. D. Mass. 2009). The Bankruptcy Court in following the established determination as to violations of the automatic stay provided that, "A violation of the automatic stay is willful "if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless [of] whether the violator specifically intended to violate the stay." *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996) (first citing *Price v. United States (In*

*re Price*), 42 F.3d 1068, 1071 (7th Cir. 1994); then citing *Citizens Bank of Md. v. Strumpf (In re Strumpf)*, 37 F.3d 155, 159 (4th Cir. 1994); then citing *Johnston Env't Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); and then citing *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292-93 (4th Cir. 1986)).

The Bankruptcy Court found that post-petition assignments of mortgage was not a violation of the automatic stay and, as such, sanctions were not warranted. Appellant failed to show with clear and convincing evidence the entitlement of sanctions and recovery damages against Creditor. The Bankruptcy Court correctly applied the legal standard as to the analysis of the Appellant's alleged violations of the automatic stay by Creditor and alleged damages suffered.

### 5.    <u>Due Process Violations</u>

Appellant's Brief raises for the first time issues as to claimed violations of due process rights and deprivation of property stemming from the representation of counsel for Creditor. The Court should not consider issues raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Arguments raised for the first time on appeal are not properly before this Court. *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000). The Bankruptcy record does not reflect any objections to the appearance of counsel for Creditor or alleged violations of Appellant's due process rights as to his Motion for

Reconsideration of the Dismissal Order. Since Appellant has raised these arguments for the first time in his initial Brief, it is not properly before the Court.

Additionally, Appellant still retains the full use and enjoyment of his Property. The Bankruptcy Court's analysis of the denial of confirmation of the Chapter 13 Plan and dismissal of the Bankruptcy were as to Appellant's filed Plan, Schedules, and own testimony at multiple hearings conducted by the Bankruptcy Court. The Bankruptcy Court required the Appellant to adjudicate his foreclosure defenses and standing issues with the State Court.

Appellant was provided the opportunity and attended multiple hearings as to Confirmation of the Chapter 13 Plan and the prosecution of his various Objections and Motions. The Bankruptcy Court's Dismissal Order provided Appellant of the opportunity to file another Chapter 13 Bankruptcy only if the conditions stated in the Dismissal Order were met. Appellant's allegations of violations of his due process rights are without merit and the appearance of counsel for Creditor would not have altered the Bankruptcy Court's determination of the denial of Confirmation which ultimately lead to the dismissal of the Bankruptcy Case.

/./.

/./.

/./.

/./.

30

**B.  THE BANKRUPTCY COURT DID NOT ERR IN DISMISSING THE BANKRUPTCY CASE WITH PREJUDICE WITHOUT FINDINGS OF BAD FAITH AND TO AVOID ADJUDICATING THE OBJECTION TO CLAIM**

Appellant raises the issues of the Bankruptcy Court's abuse of discretion by dismissing the Bankruptcy Case with Prejudice for lack of bad faith finding for the first time in this Appellant's Brief and are not supported by the record. The Court should not consider issues raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Arguments raised for the first time on appeal are not properly before this Court. *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000). However, the Bankruptcy Code does not define good faith nor is there an explicit requirement that bankruptcy petitions be filed in good faith, yet bankruptcy courts have repeatedly dismissed cases as bad faith filings.

In the Chapter 13 context, the Bankruptcy Code expressly provides that a debtor's plan cannot be confirmed unless it has been "proposed in good faith."  11 U.S.C.§ 1325(a)(3). Thus, a Chapter 13 debtor has a duty to act without an intent merely to delay or hinder his creditors both in the filing of the case and the filing of the plan. The Bankruptcy Code was intended to afford financially troubled debtors a breathing spell from their creditors, but it was not Congress' intent to allow debtors to enjoy their property while failing to pay their mortgages for extended periods of time. *In re Three Tuns, Inc.*, 35 B.R. 110, 111 (Bankr. E.D. Pa. 1983).

31

The Eleventh Circuit has stated that "whenever a chapter 13 petition appears to be tainted with a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives." *In re Waldron*, 785 F.2d 936, 941 (11th Cir. 1986). The Court may invoke its powers under 11 U.S.C. § 105(a) and implement a mechanism to prevent the "continuing abuse of the bankruptcy process" by the Debtor. *In re Yiram*, 214 B.R. 463 (Bankr. D. Md. 1997). A finding of bad faith does not require fraudulent intent by Debtor. See *Ho v. Dowell (In re Ho)*, 274 B.R. 867, 876 (9th Cir. BAP 2002). Neither malice nor actual fraud is required to find a lack of good faith. Malfeasance is not a prerequisite to bad faith. *Id.* The Bankruptcy Court determined that the Appellant's Bankruptcy case served no purpose and in abstaining from adjudicating the merits of Appellant's standing challenge to the validity of Creditor's Claim required the further injunction until such time as there is an adjudication by the State Court on the validity of Creditor's Claim including the standing issues.

A dismissal of a Bankruptcy case with a further injunction from seeking bankruptcy relief is within the discretion of the Bankruptcy Court. The Bankruptcy Court's review of the prior conduct of a debtor can be considered in determining whether a debtor demonstrates the sincerity and effort required to pass muster under Section 1325(a)(3) of the Bankruptcy Code. The Bankruptcy Court committed no clear error and did not abuse its discretion in dismissing Appellant's

32

Bankruptcy Case with prejudice from filing for relief under Chapter 13 until such time as the Debtor has satisfied all conditions stated in the Dismissal Order.

## C.    BANKRUPTCY COURT DID NOT ERR IN OVERRULING OBJECTION TO CLAIM AND RELATED ARGUMENTS

The Bankruptcy Court did not abuse its discretion in abstaining from adjudicating the merits of Appellant's standing challenge to the validity of Creditor's Claim as to the Objection to Claim. Since the bankruptcy courts' power stems from the delegation of power by the district courts, applying the permissive abstention doctrine to creditor's claim in chapter 13 proceeding was with the Bankruptcy Court's allowable discretion. The decision to abstain under section 1334(c)(1) is not reviewable. 28 U.S.C. § 1334(d). However, the Bankruptcy Court committed no clear error and did not abuse its discretion in abstaining from adjudicating the merits of Appellant's standing challenge to the validity of Creditor's Claim by requiring the parties to adjudicate the merit of the foreclosure defenses and validity of Creditor's Claim in the State Court action.

## D.    THE BANKRUPTCY COURT DID NOT ERR IN DENYING THE MOTION FOR SANCTIONS AND RELATED PLEADINGS REGARDING THE VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(A)

The Bankruptcy Court did not err in finding that Creditor did not willfully violate the automatic stay provisions of 11 U.S.C. §362(a). The Bankruptcy Court found that post-petition assignments of mortgage was not a violation of the

33

automatic stay and as such sanctions were not warranted. The Bankruptcy Court followed the established determination as to violations of the automatic stay provided that, "A violation of the automatic stay is willful "if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless [of] whether the violator specifically intended to violate the stay." *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996) (first citing *Price v. United States (In re Price),* 42 F.3d 1068, 1071 (7th Cir. 1994); then citing *Citizens Bank of Md. v. Strumpf (In re Strumpf),* 37 F.3d 155, 159 (4th Cir. 1994); then citing *Johnston Env't Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); and then citing *Budget Serv. Co. v. Better Homes of Va., Inc.,* 804 F.2d 289, 292-93 (4th Cir. 1986)).

As fully discussed above, the Bankruptcy Court correctly applied the legal standard as to the analysis of the Appellant's alleged violations of the automatic stay by Creditor and alleged damages suffered. The Appellant has not met his burden in establishing any clearly erroneous finding of the facts within the Bankruptcy record or errors in the Bankruptcy Court's application of the correct legal standards.

/./.

/./.

/./.

E.    **THE BANKRUPTCY COURT DID NOT ERR IN THE ALLOWANCE OF THE CREDITOR'S PARTICIPATION IN THE   BANKRUPTCY PROCEEDING WHICH DID NOT CONSTITUTED  A    FRAUD   ON THE COURT**

Appellant raises issues regarding alleged violations of his due process rights, inflammatory statements regarding fraud on the court, and judicial impartiality, judicial recusal, and judicial disqualification under 28 U.S.C § 455(a) for the first time in this Appellant's Brief and are not supported by the record. The Court should not consider issues raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Arguments raised for the first time on appeal are not properly before this Court. *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000). The Bankruptcy record does not reflect any objections to the appearance of counsel for Creditor, alleged violations of Appellant's due process rights either as a separately filed motion or a basis in his Motion for Reconsideration of the Dismissal Order, or any motion filed by Appellant requesting the presiding Bankruptcy Judge to recuse herself for impartiality or judicial disqualifications.

Appellant's allegations against a respected Bankruptcy Judge that presided over his Bankruptcy Case are unfounded and without merit. Appellant attended and was provided the opportunity to present his arguments as to the various Objections and Motions he filed. The denial of confirmation of the Chapter 13 Plan

and dismissal of the Bankruptcy Case provided for confirmation issues that have been argued before the presiding Bankruptcy Judge many times on the bench as to the application of 11 U.S.C. Sections 1322 and 1325 which does not constitute an error or manifest injustice. Since Appellant has raised these arguments for the first time in his initial Brief, it is not properly before the Court.

## VI.    CONCLUSION

The Bankruptcy Court's Order (1) denying Confirmation and dismissing the Bankruptcy Case with prejudice, (2) over-ruling Appellant's Objection to Claim as moot, (3) denying Appellant's Motion for Sanctions, and (4) denying all other pending requests as moot should be affirmed. The Appellant has failed to establish clear error by the Bankruptcy Court in this appeal. For all the reasons stated above, this Court should affirm the Dismissal Order on appeal.

Respectfully submitted this 2nd day of March, 2026.


*/s/ Jennifer Laufgas*
Jennifer Laufgas (SBN 56181)
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E., Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
jlaufgas@aldridgepite.com
*Attorneys for Appellee*

36

## <u>CERTIFICATE OF COMPLIANCE</u>

I HEREBY CERTIFY that this Answer Brief of the Appellee complies with the typeface requirements set for in Fed. R. Bankr. P.8015(a)(5)(A) and (a)(7), and contains 6,876 words, excluding those sections exempted under Fed. R. Bankr. P.8015(g).

*/s/ Jennifer Laufgas*
Jennifer Laufgas

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Answer Brief of the Appellee was served on this 2nd day of March 2026 via the Court's Notice of Electronic Filing on those parties who are registered CM/ECF participants in this case or Regular U.S. Mail to the parties listed on the service list.

Roberto E. Hernandez
2102 Meadowmouse St.
Orlando, FL 32837

Laurie K. Weatherford
Chapter 13 Standing Bankruptcy Trustee
150 N Orange Ave, Suite 401
Orlando, FL 32801
lauriew@c13orl.com

Dated: March 2, 2026                    /s/ Jennifer Laufgas
                                        Jennifer Laufgas (SBN 56181)
                                        Aldridge Pite, LLP
                                        Six Piedmont Center
                                        3525 Piedmont Road, N.E., Suite 700
                                        Atlanta, GA 30305
                                        Phone: (404) 994-7400
                                        Fax: (619) 590-1385
                                        jlaufgas@aldridgepite.com
                                        *Attorneys for Appellee*